**Kenneth R. DAVIS and Sherry Davis, Plaintiffs,**

v.

**The AETNA CASUALTY AND SURETY COMPANY, Defendant.**

**No. 1:87–CV–1983–RHH.**

United States District Court, N.D. Georgia, Atlanta Division.

June 20, 1988.

John Edwin Ontal, Jr., Jack O. Morse, Morse & Ontal, Atlanta, Ga., for plaintiffs.

William Lewis Spearman, Spearman Dunham & Gaughen, Atlanta, Ga., for defendant.

### ORDER

ROBERT H. HALL, District Judge.

Defendant Aetna Casualty and Surety Company has moved this court for summary judgment in this diversity suit brought by plaintiffs for the recovery of damages incurred as the result of an automobile accident.

▇▇ Aetna moves for judgment that as a matter of law, plaintiffs have failed to comply with the requirements of the Georgia Motor Vehicle Accident Reparations Act, Ga. Off'l Code Ann. § 33–34–1 *et seq.* for submitting proof of their claims. Plaintiffs, however, have submitted the requisite medical bills and other proof.

▇▇ Aetna moves for judgment that plaintiffs are not entitled to recover penalties, attorneys fees or punitive damages

under Code § 33–34–6, as a matter of law because of allegedly confusing, contradictory and incomplete information submitted regarding such claims, and plaintiffs' alleged failure to provide cooperation and assistance in determining the legitimacy of such claims. The court feels, however, that the evidence of this contention at best creates a genuine issue of material fact that must be resolved at trial as part of the § 33–34–6 penalty determination.

■3] Aetna contends that by subjecting it to penalties, fees and punitive damages, § 33–34–6 violates its right to trial and access to the courts under the Bill of Rights of the Georgia Constitution. Defendant's argument is entirely without merit. Whether defendant is subject to penalty, fees or punitive damages will be at issue at trial.

■] Moreover, Aetna argues that Code § 33–34–6(b) and 33–34–6(c) are unconstitutional under the United States Constitution under both the Equal Protection clause and the Due Process clause. Aetna argues, in essence, that forcing it to defend against plaintiffs' claim for penalties, fees and punitive damages where defendant contends it has reasonably withheld payment, denies it equal protection under the laws. The court finds defendant's argument completely devoid of support and merit.

■] Aetna also contends that the terms "necessary medical expenses," the terms "reasonable proof of the fact and amount of loss," and the term "punitive damages," because they are nowhere defined in the statute, do not possess sufficient clarity to provide fair notice of proscribed conduct as well as potential consequences, liabilities and penalties flowing from such conduct. This, defendant argues, violates the Fifth and Fourteenth Amendment due process clauses. The court finds this argument to be without support and totally devoid of merit.

■ Finally, Aetna contends that § 33–34–6(c), which provides for punitive

damages in the event the insurer "fails to prove that its failure or refusal to pay the benefits was in good faith," violates the Eighth Amendment prohibition against "excessive fines" because punitive damages are not defined by the statute and the amount of any such award is left to the trier of fact. The court finds no support for this proposition and finds it totally devoid of merit.

■7] The court DENIES Aetna's motion in all respects.[1] The court notes that it is permissible to raise novel theories, not supported by any caselaw or accepted policy justification. A party may make a "good faith argument for the extension, modification, or reversal of existing law ... not interposed for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation." However, to avoid sanctions under Rule 11, these arguments should be clearly delineated as such. *See* Rule 11, Fed.R.Civ.P.

---

1. Defendant argues that this court should construe the statute to provide that if an insurer receives an opinion from an expert that a claim for payment of an expense is not a necessary medical expense, the insurer has a right to rely

on such an opinion and is therefore insulated from liability for penalties, fees or punitive damages for failure to pay the claim. The court finds no support for this contention and finds it totally devoid of merit.